**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MARILYN HAWKINS, Plaintiff,

vs.

VICTORIA & CO., Defendant.

Civil No. 00-1664 (DDA/FLN)

**ORDER ON DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

---

Neff Law Firm, P.A., by THERESA A. FREEMAN, Bloomington, Minnesota, for Plaintiff Marilyn Hawkins.

Jackson Lewis LLP, by THOMAS E. MARSHALL and NATALIE WYATT-BROWN, Minneapolis, Minnesota, for Defendant Victoria & Co.

---

This is an employment discrimination case. By Order dated August 12, 2002, the Court granted summary judgment to Defendant Victoria & Co. ("Victoria") on all claims Plaintiff Marilyn Hawkins ("Hawkins") asserted other than a claim under Title VII for failure to promote (Count I of Hawkins' Complaint). The Court held that the failure to promote claim was viable under the analysis applied in Lockridge v. Board of Trustees of the University of Arkansas, 294 F.3d 1010 (8th Cir. 2002), opinion vacated, 301 F.3d 958 (8th Cir. 2002), rev'd on reh'g, 315 F.3d 1005 (8th Cir. 2003) (en banc). The Court stayed all proceedings in this case on September 25, 2002, pending issuance of the en banc opinion in Lockridge. Victoria requested that the stay be lifted and renewed its motion for summary judgment with respect to Hawkins' failure to promote claim when the Lockridge en banc opinion was released on January 14, 2003. Both parties, in accordance with the Court's instructions, have submitted supplemental briefing on the failure to promote issue.[1]

---

[1] Hawkins also submitted a supplemental affidavit in support of her position. The Court did not permit supplementation of the factual record, and Hawkins' supplemental affidavit is stricken for that reason. Victoria's request for imposition of sanctions against Hawkins pursuant to Fed.R.Civ.P. 56(g) is denied.

FILED APR 16 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 16 2003
DEPUTY CLERK

The Court's August 12, 2002, Order sets forth the facts of the case in detail. Those facts pertinent to the failure to promote claim, stated in the light most favorable to Hawkins, are as follows. Hawkins is African-American. She began working as a retail marketing manager for Victoria in Minneapolis, Minnesota, in 1984, and she consistently received positive employment evaluations. Hawkins frequently expressed her interest in being promoted within the company to her supervisors at Victoria. Victoria, however, repeatedly promoted individuals other than Hawkins, most of whom were Caucasian, into positions for which Hawkins was qualified. Hawkins often did not know that a higher-level position at Victoria was open until after the position was filled because Victoria did not have a regular application process for such positions and because Hawkins was not part of the social network at the company where information about such positions first became available.

Hawkins' Title VII failure to promote claim involves two regional merchandising manager positions at Victoria which became open in 2000.[2] The first of those positions was located in Los Angeles, California, and Victoria states that it limited its candidates for the Los Angeles position to individuals living on the West Coast in order to avoid paying to relocate an employee. The second position was located in the Midwest, and thus geographically near Hawkins. Victoria states that it gave the Midwest position to an employee whom Victoria wanted to retain and whose former position with Victoria was to be eliminated. Hawkins became increasingly frustrated with how Victoria was treating her and resigned from her employment with Victoria in 2001.

The Lockridge panel opinion held that evidence of an employer's lack of objective procedures for awarding promotions in itself could support a finding of unlawful discrimination, 294 F.3d at 1015, and the Court for that reason denied Victoria's motion for summary judgment with respect to Hawkins' Title VII failure to promote claim. Although the Eighth Circuit vacated the Lockridge panel opinion, 310 F.3d at 958, Hawkins correctly notes that the subsequent Lockridge

---

[2] Hawkins complains that Victoria failed to promote her to other positions as well but, as noted in the Court's August 12, 2002, Order, those other positions either did not exist, were not filled, or were filled outside the statute of limitations applicable to Hawkins' Title VII claim.

en banc opinion decided the matter on other grounds, 315 F.3d at 1012, and did not specifically eschew the reasoning of the panel opinion. Recently, however, the Eighth Circuit emphasized that it "has rejected the general argument that subjectivity in an employment decision necessarily supports an inference of discrimination." Taylor v. White, 321 F.3d 710, 717 (8th Cir. 2003) (citing Elliot v. Montgomery Ward & Co., 967 F.2d 1258, 1263 (8th Cir. 1992)). The Court accordingly concludes that the denial of summary judgment with respect to Hawkins' Title VII failure to promote claim for the grounds stated in the August 12, 2002, Order is not consistent with the law in this Circuit. The Court, furthermore, has reviewed the record and determined that Hawkins has presented no direct evidence of discriminatory animus on the part of Victoria. See Mohr v. Dustrol, Inc., 306 F.3d 636, 640 (8th Cir. 2002) ("Direct evidence is that which demonstrates a specific link between the alleged discriminatory animus and the challenged employment decision sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the employer's decision to take the adverse employment action.") (citations and internal punctuation marks omitted).

Case law in this Circuit, on the other hand, provides ample support for the proposition that a vaguely defined and subjective hiring process, such as Victoria's, may reduce the plaintiff's burden in establishing a prima facie case of discriminatory animus through the use of circumstantial evidence. Lockridge, 315 F.3d at 1010; Lyoch v. Anheuser-Busch Cos., 139 F.3d 612, 615 (8th Cir. 1998). Hawkins argues that she has established a prima facie case, and the Court in fact so held in its August 12, 2002, Order. A prima facie case, however, does not necessarily end the analysis for purposes of summary judgment, and this is the point at which Hawkins' argument becomes problematic.

Once a plaintiff has made out a prima facie case in a Title VII failure to promote claim, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. Edmund v. MidAmerican Energy Co., 299 F.3d 679, 683 (8th Cir. 2002). Hawkins does not dispute that the reasons Victoria offered for its hiring decisions with respect to the regional merchandising manager positions meet that standard. If the defendant articulates legitimate, nondiscriminatory reasons for its actions, the plaintiff, in order to survive summary judgment, must then show that the

record taken as a whole (1) raises a fact question as to whether the defendant's proffered reasons are pretextual and (2) allows for a reasonable inference that unlawful discrimination was a determinative factor underlying the defendant's employment decisions. Mayer v. Nextel West Corp., 318 F.3d 803, 807 (8th Cir. 2003). In the Court's view, as indicated in the August 12, 2002, Order, Hawkins has done neither here. Although Victoria's hiring practices in 2000 were suspect, this record includes no evidence tending to call the legitimacy of Victoria's proffered reasons for its actions into question, and a finder of fact would be forced to speculate in determining whether Victoria's hiring decisions had an impermissible motive. Summary judgment therefore appropriately is granted in favor of Victoria as to Hawkins' failure to promote claim under Title VII.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT:**

1. The stay of proceedings in this case ordered on September 25, 2002, is lifted.

2. Victoria's renewed motion for summary judgment is GRANTED.

3. Count I of Hawkins' Complaint (Failure to Promote Title VII) is DISMISSED with prejudice.

4. The Clerk shall enter judgment as follows:

> **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Plaintiff Marilyn Hawkins' Complaint against Defendant Victoria & Co. is DISMISSED with prejudice in its entirety.

Dated: April 15, 2003

Donald D. Alsop

DONALD D. ALSOP, Senior Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*